UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MCMILLAN MCGEE CORP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-01988-TWP-MJD |
| | ) | |
| THIRD SITE TRUST FUND, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION FOR LEAVE TO JOIN THE GUARANTEE COMPANY OF NORTH AMERICA USA AS ADDITIONAL DEFENDANT**

This matter is before the Court on Defendant's Motion for Leave to Join the Guarantee Company of North America USA as Additional Defendant [Dkt. 58]. The motion is fully briefed, and the Court, being duly advised, **GRANTS IN PART** and **DENIES IN PART** the motion to the extent and for the reasons set forth below.

**I. Background**

This case arises out of a contract ("the Contract") between Plaintiff McMillan-McGee Corporation ("McMillan"), which is an environmental remediation company, and Defendant Third Site Trust Fund ("the Trust"), which is a trust created by the United States Environmental Protection Agency ("EPA") to fund the EPA-mandated cleanup of a tract of land near Zionsville, Indiana, referred to by the parties as "Third Site." Pursuant to the Contract, which was executed in October 2016, McMillan agreed, *inter alia*, to

> design, install, and operate and maintain . . . an ERH system . . . to achieve a reduction in the concentration of total VOCs in groundwater in the Third Site DNAPL area to a depth of forty (40) feet and in the small ATT zone outside the sheet pile wall, by greater than 90% at both locations.

[Dkt. 14-2 at 2]. In a nutshell, McMillan alleges that the Trust has refused to permit McMillan to complete its work under the Contract and also has refused to return McMillan's equipment that is at the site. [Dkt. 1.] McMillan asserts claims for breach of contract/fundamental change, conversion, and unjust enrichment, and a claim for immediate possession pursuant to Ind. Code § 32-35-2-1, *et seq*. In response, the Trust alleges that McMillan failed to perform its obligations under the Contract. The Trust has asserted counterclaims for fraud, breach of contract, and negligence, as well as counterclaims pursuant to the Indiana Environment Legal Action Statute, Ind. Code § 13-30-9-2, and for cost recovery under CERCLA § 107. [Dkt. 28.]

## II. Discussion

In the instant motion, the Trust seeks to assert a claim against The Guarantee Company of North America USA ("Guarantee") to recover on a Payment Bond and a Performance Bond issued by Guarantee ("the Bond") to secure the obligations of McMillan under the Contract. [Dkt. 58.] McMillan objects to the motion on the sole ground that it is untimely because it was filed after the November 21, 2021, deadline for motions to join additional parties. [Dkt. 60 at 1] (citing [Dkt. 35], ¶ III(D)).

McMillan's objection on timeliness grounds is **overruled**. As the Trust explains in detail in its motion, it delayed filing the instant motion because it was seeking to enter into a tolling agreement with Guarantee that would eliminate the need for it to assert its claims against Guarantee prior to the resolution of this case.[1] The Court finds that this was a reasonable course of action and that it constitutes good cause for the Trust's failure to file the instant motion prior

---

[1] Guarantee has refused the Trust's request for payment under the Bond based on the existence of factual disputes that will be resolved by this lawsuit. However, the Bond contains a contractual limitations period that will expire on June 1, 2023, prior to the trial date in this case.

2

to the deadline.  See Fed. R. Civ. P. 16(b)(4) (requiring good cause to modify scheduling order).  The Court further notes that McMillan articulates no prejudice from the delay and, given that discovery does not close until November 1, 2022, and trial is not set until September 11, 2023, the Court does not anticipate any delay from the addition of the Trust's claims against Guarantee.  Finally, the aim of judicial economy will be served by resolving the Trust's claims against McMillan and the claims relating to the Bond in the same case.  Accordingly, the Trust's motion is **GRANTED** to the extent that the Trust will be permitted to add Guarantee as a party to this case to assert its claims relating to the Bond against Guarantee.

That said, however, the proposed Amended Answer tendered by the Trust, [Dkt. 59], is procedurally improper, and therefore the Trust's motion is **DENIED** to the extent that it seeks to file its proposed Amended Answer.  The Trust seeks to add Guarantee as a defendant in this case and then assert a crossclaim against it, implicitly recognizing that a crossclaim may only be asserted against a "coparty."  See Fed. R. Civ. P. 13(g).  But Guarantee is not a defendant in this case, and only McMillan, as the plaintiff in this case, may make Guarantee a defendant.  The Trust seeks to make Guarantee a defendant against whom the plaintiff asserts no claim, which clearly is improper.  See Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1431 (3d ed.) ("[A] defendant may not denominate a pleading a crossclaim in order to bring in a new party who might be indebted to defendant.").  Instead, the proper way to accomplish the Trust's goal of asserting its claim against Guarantee is to add Guarantee as a defendant to the Trust's counterclaim pursuant to Federal Rule of Civil Procedure 20(a)(2).  See Fed. R. Civ. P. 13(h) ("Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim.").

Accordingly, the Trust may not file its proposed Amended Answer and may not add Guarantee as a defendant in this case or assert a crossclaim against Guarantee.  However, the

Trust is **granted leave** to file an Amended Answer that adds Guarantee as a counterclaim defendant **within fourteen days of the date of this Order**.

One final note. In the jurisdictional allegations in its proposed Amended Answer, the Trust alleges that jurisdiction over its crossclaim is proper pursuant to 28 U.S.C. § 1332(a)(2), based, in part, on its allegation that "Guarantee Company is a Michigan Corporation incorporated in the State of Michigan." [Dkt. 59 at 59.] This allegation is deficient on its face, as it does not indicate where Guarantee's principal place of business is located. In addition, it is by no means a given that Guarantee is actually a corporation, *see Pastor v. State Farm Mut. Auto. Ins. Co.*, 487 F.3d 1042, 1048 (7th Cir. 2007) (noting that "the corporate status of State Farm is not transparent, since it is a mutual insurance company rather than a conventional business corporation and does not have 'corporation' or 'inc.' in its name"), and a cursory search of Michigan corporations suggests that it might not be a Michigan corporation at all. The Trust shall ensure that the jurisdictional allegations in its Amended Answer are correct and complete and that they either establish the existence of diversity jurisdiction or set forth another basis for the Court's jurisdiction over its counterclaim against Guarantee.

SO ORDERED.

Dated: 2 MAY 2022

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.