UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| McMILLAN McGEE CORP., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:21-cv-01988-RLM-MJD |
| THIRD SITE TRUST FUND, | ) ) ) | |
| Defendant. | ) | |

OPINION AND ORDER

McMillin McGee Corporation has sued Third Site Trust Fund seeking damages and the return of the electrical resistance heating equipment based on a breach of contract regarding environmental remediation efforts. On October 6, 2021, the court adopted the parties' case management plan. [Doc. No. 35]. The case management plan established the following briefing schedule:

> Plaintiff shall file any dispositive motion on or before **November 29, 2022**; Defendant shall respond to Plaintiff's dispositive motion, and shall include any cross-dispositive motion, on or before **December 29, 2022**; Plaintiff shall respond to Defendant's cross-dispositive motion, and shall include any reply in support of Plaintiff's dispositive motion, on or before **January 26, 2023**; Defendant shall file any reply in support of its cross-dispositive motion on or before **February 9, 2023**.
>
> Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

[Doc. No. 35, p. 5]. Discovery was to close on November 1, 2022.

On July 1, 2022, the three parties filed a joint motion to extend deadlines as follows:

> d. Completion of discovery: **February 6, 2023**;

1

e. Dispositive motion deadline for Plaintiff: **February 28, 2023**;

f. Defendant's response with any cross-dispositive motion: **April 3, 2023**;

g. Plaintiff's response to cross-dispositive motion and reply in support of dispositive motion: **May 1, 2023**;

h. Defendant's reply in support of cross-dispositive motion: **May 15, 2023**.

[Doc. No. 72] (emphasis added). The parties explained that the extension would allow the parties "to attempt to resolve the matter in a timely, cost-effective manner while not having to focus time, energy, and expense on discovery that would not be necessary" if the parties resolved the matter at the court ordered September 13, 2022 settlement conference. The court granted the motion. [Doc. No. 73].

On August 22, 2022, contrary to the case management plan briefing schedule, Third Site Trust Fund filed for summary judgment on all of McMillan McGee's claims. [Doc. No. 79]. McMillan McGee requested an extension of ninety-one days to file a response to Third Site Trust Fund, and Third Site Trust Fund objected to the extension of time. [Doc. No. 83]. The parties participated in mediation on September 13, but the case wasn't resolved.

On September 14, the Magistrate Judge denied Third Site Trust Fund's motion for summary judgment as premature, and denied McMillan McGee's motion for extension of time as moot. Then, the Magistrate Judge amended the case management plan to set the following deadlines in his order regarding pending motions and case schedule:

1) Third Site Trust Fund shall file any dispositive motion on or before **March 7, 2023;**

2) McMillan McGee Corp. and/or The Guarantee Company of North America USA shall respond to Third Site Trust Fund's dispositive motion, and shall include any cross-dispositive motion, on or before **April 4, 2023**;

3) Third Site Trust Fund shall respond to McMillan McGee Corp. and The Guarantee Company of North America USA's cross-dispositive motion, and shall include any reply in support of Third Site Trust Fund's dispositive motion, on or before **May 2, 2023**;

4) McMillan McGee Corp. and The Guarantee Company of North America USA shall file any reply in support of their cross-dispositive motion on or before **May 16, 2023**. **The parties shall not deviate from this briefing schedule.**

[Doc. No. 89]. The discovery deadline was moved to **February 10, 2023**. [Id.]. Lastly, on November 9, the Magistrate Judge, in response to parties' joint motion for extension of time, enlarged the discovery deadline to **March 2, 2023**. [Doc. No. 113].

Now before the court is Third Site Trust Fund's Objection to the Magistrate Judge's order regarding pending motions and case schedule. For the following reasons, the court overrules Third Site Trust Fund's objection [Doc. No. 93].

## Discussion

Third Site Trust Fund argues that the Magistrate Judge's order should be overruled for three reasons: 1) the Magistrate Judge lacked the authority to rule on Third Site Trust Fund's summary judgment motion; 2) the case management plan authorized Third Site Trust Fund to file its motion for summary judgment; and 3) Third Site Trust Fund's motion for summary judgment will streamline the case, decrease cost, and conserve judicial resources.

Third Site Trust Fund argues that the Magistrate Judge didn't have authority under 28 U.S.C. § 636(b)(1) to deny Third Site Trust Fund's summary judgment as premature. Since the parties haven't consented to a having a magistrate judge exercising jurisdiction under 28 U.S.C. § 636(c), the Magistrate Judge lacked authority to resolve the motion. McMillan McGee responds that the Magistrate Judge had authority to deny Third Site Trust Fund's motion for summary judgment because he didn't dismiss the motion on the merits but dismissed it as a function of docket management.

If the Magistrate Judge's order is treated as a non-dispositive, pretrial matter, then this judge would review his order under a clearly erroneous standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Otherwise, a magistrate judge's recommendation is reviewed de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The court doesn't need to decide whether the Magistrate Judge had the authority to deny summary judgment without prejudice on procedural grounds, and the instead will apply the tougher, de novo standard to review the order. This is because the court denies Third Site Trust Fund's motion for summary judgment on the same basis as the Magistrate Judge's order – it is premature and fails to follow the briefing schedule set forth in the case management plan, causing piecemeal litigation.

Third Site Trust Fund's remaining grounds for overruling the Magistrate Judge's order aren't persuasive. Third Site Trust Fund argues that the case management plan permitted it to submit a motion for summary judgment six

4

months before the case management plan deadline, and before the close of discovery.

Courts have inherent powers to *sua sponte* enter orders in the interest of promoting judicial efficiency and managing their dockets. In re Lake States Commodities, Inc., 271 B.R. 575, 588 (Bankr. N.D. Ill. 2002), aff'd sub nom. Fisher v. Page, No. 01 C 1698, 2002 WL 31749262 (N.D. Ill. Dec. 3, 2002). The court is within its discretion to enforce local rules and practices that enable the court to manage the docket. *See e.g.* A. Bauer Mech., Inc. v. Joint Arb. Bd. of Plumbing Contractors' Ass'n & Chicago Journeymen Plumbers' Loc. Union 130, U.A., 562 F.3d 784, 790 (7th Cir. 2009). Specifically, Federal Rule of Civil Procedure 16(b) and Local Rule 16-1 give this court the authority to establish case management deadlines. Those deadlines aren't to be altered unless the parties and court agree, or for good cause shown. L.R. 16-1(f). This court also has the authority to deny summary judgment motions as premature. *See e.g.* Hamilton v. RDI/Caesars Riverboat Casino LLC, 179 F. Supp. 2d 929, 936 (S.D. Ind. 2002); Smith v. OSF HealthCare Sys., 933 F.3d 859, 866 (7th Cir. 2019).

Third Site Trust Fund argues that the case management plan provided "no limitation on when parties could file dispositive motions." [Doc. No. 93, p. 11]. Although it's true that a court generally won't discourage parties from filing dispositive motions prior to the deadline, the same can't be said when parties agree to a briefing schedule that accommodates interrelated cross-motions.

To address cross-motions for summary judgment, Third Site Trust Fund agreed to a case management plan that required McMillan McGee file its opening

5

brief, with Third Site Trust Fund's cross-motion and response to follow. The case management plan also set forth a discovery deadline of November 1, 2022. This briefing order and schedule were endorsed again less than two months before Third Site Trust Fund filed its motion for summary judgment, when Third Site Trust Fund jointly filed a motion for extension of time to extend the briefing schedule and discovery deadline – also endorsing the same briefing order. The briefing schedule set forth a specific order to accommodate expected interrelated dispositive motions and cross-motions. Third Site Trust Fund moved for summary judgment on McMillan McGee's immediate possession and conversion claims, unjust enrichment claims, and breach of contract claims. [Doc. No. 35, p. 5]. McMillan McGee expects to file cross-motions for summary on these exact issues.

      Third Site Trust Fund relies on Childress v. Experian Info. Servs., Inc. for the proposition that it is permitted to disregard the case management plan's deadlines. No. 1:12-CV-01529-TWP, 2014 WL 1400114, at *1 (S.D. Ind. Apr. 9, 2014). In Childress v. Experian Info. Servs., Inc., the case management plan provided that the parties would set deadlines for dispositive motions after the court ruled on class certification. The defendant filed for summary judgment before the court ruled on class certification. As a result, the plaintiff filed a motion to stay of a summary judgment determination until after the court decided whether a class can be certified. Id. The court determined that the case management plan deadlines didn't foreclose a parties' rights to make earlier filings, as the defendant did in the case, and that the court could elect to rule on

the summary judgment motion prior to issuing a decision on class certification. Id.

Childress v. Experian Info. Servs., Inc. is quite different from this case. First, a court's determination of class certification is an independent inquiry than issues raised on summary judgment. Third Site Trust Fund and McMillan McGee both plan on filing for summary judgment on the same issues. [Doc. No. 35, p. 5]. The Childress v. Experian Info. Servs., Inc. case management plan also didn't set forth a specific briefing schedule to account for cross-motions by the parties. The issue here isn't that Third Site Trust Fund filed its motion for summary judgment before the deadline. It's that filing the summary judgment motion early and contrary to the briefing schedule in the case management plan (and motion for extension of time) creates piecemeal litigation that would waste judicial time and resources.

Lastly, Third Site Trust Fund argues that resolution of the summary judgment motion is more efficient for the parties and will promote judicial efficacy. Third Site Trust Fund argues that the Magistrate Judge's order will "drastically increase costs as well as create confusion" and "will force parties to undergo needless discovery at great expense." [Doc. No. 93, p. 18]. Filing for summary judgment doesn't stop Third Site Trust Fund's obligation to continue discovery so that it is completed by the discovery deadline. Fed. R. Civ. P. 26(d). Third Site Trust Fund hasn't asked to stay discovery until summary judgment is resolved. As demonstrated by McMillan McGee's motion for extension of time to respond to Third Site Trust Fund's motion for summary judgment, additional

7

discovery is needed to respond. [Doc. No. 83, p. 2]. Under Third Site Trust Fund's logic, the court would resolve summary judgment, allowing the parties to stop discovery, with the possibility the court would be resolving the same issues on McMillan McGee's summary judgment a few months later. It is unclear how prematurely filing for summary judgment, which results in piecemeal litigation, promotes efficacy.

It is within the court's discretion to deny Third Site Trust Fund's motion for summary judgment and adopt the briefing schedule, so that the court can resolve all the interrelated issues on summary judgment for both parties at the same time and without additional discovery requests and extensions.

CONCLUSION

For these reasons, the court OVERRULES Third Site Trust Fund's objection to the Magistrate Judge's order regarding pending motions and case schedule. [Doc. No. 93].

SO ORDERED

ENTERED:   November 22, 2022

/s/ Robert L. Miller, Jr.<br>Judge, United States District Court

Distribution to all counsel of record via CM/ECF.